UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CARLO GIUSEPPE CIVELLI, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:21-mc-00163-JCN |
| | ) | |
| J.P. MORGAN SECURITIES, LLC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
OR TO AUTHORIZE ALTERNATIVE SERVICE**

Defendants ask the Court to authorize the service of a subpoena upon an individual allegedly residing in Maine by means other than personal service in a matter that is pending in the Southern District of Texas (the underlying action). (Amended Motion to Compel, ECF No. 4.) Upon review of Defendants' original motion, while acknowledging that the District of Maine would be the appropriate forum for the enforcement of a subpoena that had been served upon a Maine resident, the Court questioned whether the Court was the proper forum to consider Defendants' request for alternative service. (Order to Show Cause, ECF No. 2.) The Court, therefore, ordered Defendants to "show cause … why this Court is the appropriate forum for Defendants' request for relief." (*Id.*)

In response to the show cause order, Defendants filed an amended motion to compel compliance with the subpoena or, alternatively, to authorize service by alternative means. After review of the motion and its exhibits, the Court terminates the show cause order, defers ruling on the motion, and schedules further proceedings on the motion.

## DISCUSSION

Defendants seek to conduct the deposition of William Danton, a witness in the underlying action. Danton has a Maine driver's license and has a residence in Maine.[1] Defendants have attempted multiple times to serve Danton personally at his Maine residence and elsewhere with a subpoena to testify at a deposition in Maine by videoconference. Defendants also called a telephone number for Danton, sent a copy of the subpoena to Danton by email, regular U.S. mail, and certified U.S. mail, and posted the subpoena on the front door of Danton's Maine residence. According to Defendants, Danton is aware of the subpoena and Defendants' efforts to serve him, but Danton has avoided "in hand" service.

Because the subpoena calls for Danton to be deposed in Maine, the District of Maine is the appropriate forum to enforce Danton's compliance with the subpoena provided he was served with the subpoena. Fed. R. Civ. P. 45(d). Here, Defendants ask the Court to conclude Danton was served other than "in hand," approve the alternative service, and enforce Danton's compliance with the subpoena.

Defendant's motion presents two separate, but related issues: (1) whether service by a means other than "in hand" is permitted under Federal Rule of Civil Procedure 45; and if so, (2) whether this Court, as the compliance court under Rule 45(d), can authorize service by alternative means or whether Defendants must first obtain leave to serve the subpoena by alternative means from the Court in the underlying action, serve Danton in

---

[1] Defendants obtained some information regarding Danton's location from Plaintiff's counsel, with whom Danton has communicated, in accordance with an order in the underlying action that Plaintiff's counsel was to assist Defendants in their efforts to serve Danton.

2

accordance with the order, and then seek enforcement in this Court if Danton fails to comply with the subpoena.

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." *Id.* "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." Wright and Miller, *Service of a Subpoena*, 9A Fed. Prac. & Proc. Civ. § 2454. As Defendants note, a growing number of courts have approved alternative service of a subpoena. *See, e.g., Chambers v. Whirlpool Corp.*, No. SACV111733FMOJCGX, 2016 WL 9451361 (C.D. Cal. Aug. 12, 2016); *Ellis-Hall Consultants, LLC v. Hoffmann*, No. 2:12-CV-00771, 2018 WL 4215114 (D. Utah Sept. 4, 2018); *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *5 (D. Mass. Nov. 13, 2013). Given that service is designed to provide notice to the subpoenaed party and given that Rule 45 does not explicitly prohibit the "delivery" of the subpoena by a means other than "in hand," the courts' interpretation of Rule 45 is not unreasonable.[2]

Defendants, however, cite only one case, *Clarity Sports Int'l, LLC v. Redland Sports*, No. 20-51484, 2021 WL 228896, at *1 (E.D. Mich. Jan. 22, 2021), in which a compliance court granted a request for alternative service.[3] *Clarity* is not directly on point.

---

[2] Notably, some courts in the Fifth Circuit, the jurisdiction of the underlying action, have determined that "[t]he Fifth Circuit has held that personal service of a subpoena is required." *Bonnecaze v. Ezra & Sons, LLC*, Civil Action No. 14-1774, 2016 WL 1268339, at *3 (E.D.La. Mar. 31, 2016) (citing *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) and cases within the district).

[3] In the two other cases cited by Defendants, the subpoenaed party acknowledged receipt of the subpoena, but challenged the manner of service. See *In re Subpoena to VaughnPerling*, No. 219MC00083CASEX,

3

First, that court did not address the question posed in the Court's show cause order – whether an enforcing court had the authority to authorize alternative service in an action pending in another district. Second, the court in *Clarity* relied upon Rule 4, and not Rule 45, in granting the motion for alternative service. Rule 4 plainly allows for alternative service of process in certain circumstances. Rule 45 has a specific service requirement independent of Rule 4. Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." The courts which have considered whether service of a subpoena other than "in hand" is permitted have appropriately focused on the language of Rule 45 (i.e., "[s]erving a subpoena requires delivering a copy to the named person"), not Rule 4.

The lack of authority for an enforcing court to authorize alternative service of a subpoena issued by another court is understandable. Typically, the compliance court is asked to enforce a subpoena that has already been served. Accordingly, whether the compliance court, rather than the court in the underlying action, is the appropriate forum to consider a request for alternative service, is not an issue in most enforcement actions. Even if the Court were to conclude that the District of Maine can consider Defendants' request for alternative service, Defendants' filing raises several other issues, including whether Danton has been in Maine during Defendants' considerable efforts to serve him with the subpoena.

---

2019 WL 8012372, at *1 (C.D. Cal. Dec. 2, 2019); *E.A. Renfroe & Co., Inc. v. Moran*, No. CIV.A. 08-CV-00733RE, 2008 WL 1806200 (D. Colo. Apr. 21, 2008)

Given the issues generated by Defendants' motion, the Court believes it is appropriate to schedule a conference with counsel in the underlying action to discuss whether this Court will conduct further proceedings on Defendants' motion.

## CONCLUSION

Based on the foregoing analysis, the Court terminates the show cause order, defers ruling on the motion, and schedules further proceedings on the motion. The Court will conduct a telephonic or video conference on July 21, 2021, at 1:30 p.m. (Eastern) to discuss the issues generated by the motion. Counsel for Defendants shall forward a copy of this order to counsel for Plaintiffs in the underlying action. The Court will provide the parties with the information necessary to participate in the conference.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of July, 2021.